**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | |
|---|---|
| WAYNE E. BLACK | : |
| | : Case No. 2:19-cv-04242 |
| Plaintiff, | : |
| | : JUDGE ALGENON L. MARBLEY |
| v. | : |
| | : Magistrate Judge Jolson |
| COMMISSIONER OF SOCIAL SECURITY, | : |
| | : |
| | : |
| Defendant. | : |

**OPINION & ORDER**

**I.     INTRODUCTION**

This matter is before the Court for consideration of Plaintiff's Objections, (ECF No. 15), to the Magistrate Judges' March 22, 2020 Report and Recommendation, (ECF No. 14), recommending that the Court overrule Plaintiff's Statement of Errors, (ECF No. 9), and that judgement be entered in favor of Defendant Commissioner of Social Security. Plaintiff entered Objections on May 6, 2020. (ECF No. 15). Upon independent analysis by the Court, and for the reasons set forth below, the Court **ADOPTS** the Magistrate Judge's **Report and Recommendation.** Accordingly, Plaintiff's Complaint is **DISMISSED**.

**II.     BACKGROUND**

**A.     Relevant Facts**

On August 17, 2015, Plaintiff filed for DIB, alleging that he was disabled beginning June 1, 2013. (ECF No. 14 at 1). His application was denied, and on reconsideration, the Administrative Law Judge ("ALJ") held a hearing on April 4, 2018. (*Id.*). On July 25, 2018, the ALJ issued a decision denying Plaintiff's application for benefits. (*Id.*). Upon the Appeals Council's denial of

1

Plaintiff's request for review, the ALJ's decision became the final decision of the Commissioner. (*Id.*).

Plaintiff filed the instant case seeking a review of the Commissioner's decision on September 23, 2019, (ECF No. 1), and the Commissioner filed the administrative record on December 2, 2019 (ECF No. 8). Plaintiff filed her Statement of Errors, (ECF No. 9), on January 16, 2020, and Defendant filed an Opposition, (ECF No. 10), on February 24, 2020. Plaintiff filed her Reply, (ECF No. 11), and Motion to Amend her Reply, (ECF No. 12), on March 10, 2020. The motion was granted on March 11, 2020, (ECF No. 12), and Plaintiff filed the Amended Reply on the same day (ECF No. 13). On March 22, 2020, the Magistrate Judge issued a Report and Recommendation, (ECF No. 14), recommending that the ALJ's decision be affirmed and that judgement be entered in favor of the Commissioner. Plaintiff has Objected to the Report and Recommendation (ECF No. 15). This matter is now ripe for review.

### B. The Report and Recommendation

Plaintiff argued that the ALJ's analysis at Steps four and five of the sequential evaluation are not supported by substantial evidence because the Vocational Expert's ("VE") testimony that the ALJ relied upon was inconsistent with the Dictionary of Occupational Titles ("DOT") for two reasons: (1) the VE's determination that Plaintiff can perform medium level work and that he has the ability occasionally to reach overhead is inconsistent with the DOT, which includes frequently reaching in all directions as a requisite to perform medium level work; and (2) the VE identified light level jobs when asked by the ALJ to provide examples of medium level jobs appropriate for Plaintiff. (ECF No. 13).

The Magistrate Judge concluded that Plaintiff's DIB request was properly denied by the ALJ because the ALJ properly questioned the VE during testimony if the statements were

inconsistent with the DOT. (ECF No. 14 at 5-7). The Magistrate Judge declined to consider Plaintiff's second objection because Plaintiff waited until after the hearing to raise the issue in a reply brief. (*Id.* at 7-8).

### III. STANDARD OF REVIEW

Upon objection, this Court must conduct "a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636 (b)(1); *see also* Fed. R. Civ. P. 72(b). The review "is limited to determining whether the Commissioner's decision is 'supported by substantial evidence and was made pursuant to proper legal standards.'" *Ealy of Comm'r of Soc. Sec.*, 594 F.3d 504, 512 (6th Cir. 2010) (quoting *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007)).

To constitute substantial evidence, the evidence must be relevant to the extent that a reasonable mind might accept it as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Ellis v. Schweicker*, 739 F.2d 245, 248 (6th Cir. 1984). In determining whether the Commissioner's findings are supported by substantial evidence, the Court must consider the record as a whole. *Garner v. Heckler*, 745 F.2d 383, 388 (6th Cir. 1984). Additionally, the Court must "'take into account whatever in the record fairly detracts from its weight.'" *Beavers v. Sec'y of Health, Educ. & Welfare*, 577 F.2d 383, 387 (6th Cir. 1978) (quoting *Univ. Camera Corp. v. NLRB*, 340 U.S. 474, 488 (1951)). The findings of the Commissioner, however, are not subject to reversal merely because there exists in the record substantial evidence to support a different conclusion. *Buxton v. Halter, Comm'r of Soc. Sec.*, 246 F.3d 762, 772 (6th Cir. 2001).

Even if the ALJ's decision meets the substantial evidence standard, "'a decision of the Commissioner will not be upheld where the [Social Security Administration] fails to follow its own regulations and where that error prejudices a claimant on the merits or deprives the claimant

3

of a substantial right.'" *Rabbers v. Comm'r of Soc. Sec.*, 582 F.3d 647, 651 (6th Cir. 2009) (quoting *Bowen v. Comm'r of Soc. Sec.*, 478 F.3d 742, 746 (6th Cir. 2007)). Whether a conclusion may be justified based upon the record, an ALJ's failure to follow agency rules and regulations is considered a lack of substantial evidence. *Cole v. Astrue*, 661 F.3d 931, 937 (6th Cir. 2011); *Gayheart v. Comm'r of Soc. Sec.*, 710 F.3d 365, 374 (6th Cir. 2013), *reh'g denied* (May 2, 2013).

## IV.   LAW & ANALYSIS

### A.   Consistency Between VE Testimony and DOT

Plaintiff argues that the ALJ's analysis at steps four and five of the sequential evaluation are not supported by substantial evidence because the Vocational Expert's testimony that the ALJ relied on was inconsistent with the Dictionary of Occupational Titles. (ECF No. 9 at 5-9). Specifically, Plaintiff argues that the position as a Sales Rep Driver, which requires the ability to reach on a frequent basis, is inconsistent with Plaintiff's residual functioning capacity to reach overhead only occasionally. (*Id.*).

Mr. Black, having the functioning capacity in his left shoulder to reach overhead only occasionally, has the functioning capacity to work as a Sales Rep Driver, which requires frequent overhead reaching, because his impairment is limited to his left shoulder only. Therefore, the ALJ's finding that the VE's testimony was consistent with the DOT is proper. *See Shaulis v. Comm'r of Soc. Sec.*, No. 2:18-cv-1266, 2019 WL 3773769, at *16, (S.D. Ohio, Aug. 12, 2019).

Moreover, conflicting occupational evidence provided by the VE and the DOT does invalidate a VE's opinion. *See* SSR 00-4P, 2000 WL 1898704, at *2 (S.S.A. Dec. 4, 2000). When there is a conflict between the two, an ALJ may rely on the VE's testimony if he first elicits "a reasonable explanation for the conflict." *Id.* Accordingly, at the administrative hearing, the ALJ will "inquire, on the record, as to whether or not there is such consistency." *Id.* The ALJ, beyond an SSR 00-4P inquiry, is not required to investigate the accuracy of the VE's testimony; the burden

4

is on Plaintiff's counsel because he has the opportunity to cross-examine the VE and identify any conflicts with the DOT. *See Cockrell v. Comm'r of Soc. Sec.*, No. 2:18-cv-1124, 2020 WL 633311, (S.D. Ohio, Feb. 11, 2020).

Here, ALJ's questioning of the VE regarding inconsistencies with the DOT was proper. (*See* Tr. 45-47). The ALJ's inquiry portrayed Plaintiff's residual functioning capacity accurately and verified that the VE's testimony was consistent with the DOT. (*See* Tr. 45-47). Moreover, Plaintiff's attorney did not cross examine the VE. (*See* Tr. 46-47). Accordingly, Plaintiff's missed opportunity to cross examine the VE does not establish grounds for relief because the ALJ fulfilled the procedural obligations. *Martin v. Comm'r of Soc. Sec.*, 170 F. App'x 369, 374 (6th Cir. 2006).

Based on the reasoning in the Magistrate Judge's Report and Recommendation and the Court's independent analysis of the law and facts, the Court concludes that the ALJ's analysis at steps four and five of the sequential evaluation are supported by substantial evidence because the VE's testimony on which the ALJ relied on was consistent with the DOT.

### B. Levels of Exertion

Plaintiff claims to be "significantly prejudiced" because the ALJ's hypothetical—during the VE's testimony—asked for occupations with a medium exertional level, but the VE provided three occupations with only light exertional levels. (ECF No. 9 at 5-7).

As the Magistrate Judge identifies correctly, Plaintiff raises this argument for the first time in the reply brief (ECF No. 9, 13). *See Osborne v. Pickaway Cty. Ohio,* No. 2:19-cv-3628, 2020 WL 1275722, at *9, (S.D. Ohio Mar. 17, 2020) (explaining it is inappropriate to raise a novel argument in a reply brief). Plaintiff failed to raise this issue during the hearing; therefore, this argument is not a basis for relief. *See Turner v. Comm'r of Soc. Sec.,* No. 2:19-cv-900, 2019 WL 5781608, at *7 (S.D. Ohio Nov. 5, 2019).

Moreover, Plaintiff was not prejudiced because an individual is capable of performing work at a lower exertion level than the one designated.  *See* 20 C.F.R. § 404.1567(a)-(e). Therefore, the VE's identification of three occupations with lower exertion levels suitable for Plaintiff when asked to provide occupations with a medium exertion level was proper.  *See Schmock v. Berryhill,* No. 3:16-cv-00310, 2017 U.S. Dist. LEXIS 160915 (S.D. Ohio, Sept. 28, 2017) (finding denial of SSDI benefits was proper where ALJ's hypothetical asked for occupations with medium exertion levels and VE provided multiple occupations with light exertion levels); *Massey v. Comm'r of Soc. Sec.,* No. 1:15-cv-744, 2016 WL 4987169, at *6, (S.D. Ohio, Sept. 15, 2016) (reviewing Plaintiff's past relevant work at a skilled position performed at the heavy exertion level could be transferred to as many as 6,200 unskilled jobs at the light exertion level); *Allen v. Colvin,* No. 3:10-1024, 2014 U.S. Dist. LEXIS 59282, at *74, (M.D. Tenn. Mar. 20, 2014) ("[A] person who can perform medium or light level work can also perform sedentary work.").

As a result, Plaintiff's argument—that he is "significantly prejudiced" because the ALJ's hypothetical asked for occupations with a medium exertional level, but the VE provided three occupations with light exertional levels—is both inappropriate for a reply brief and without a legal basis.  Based on the reasoning in the Magistrate Judge's Report and Recommendation and the Court's independent analysis of the law and facts, the Court concludes that Plaintiff was not prejudiced when the VE provided occupations with light exertional levels.

## V. CONCLUSION

Based on the foregoing, Plaintiff's Objections are hereby **DENIED**, (ECF No. 15), and the Court **ADOPTS** the Magistrate Judge's **Report and Recommendation**.  (ECF No. 14).

6

Accordingly, the Commissioner's decision is **UPHELD**, and Plaintiff's Complaint is **DISMISSED.** (ECF No. 1).

      **IT IS SO ORDERED.**

                                                  **ALGENON L. MARBLEY**
                                                  **CHIEF UNITED STATES DISTRICT JUDGE**

**DATED: November 3, 2020**